# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:12-CR-016-SDJ |
| | § |
| BRENT ALAN ASKEW (6), | § |
| | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Brent Alan Askew's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 22, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Will Tatum.

Defendant was sentenced on June 18, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute at least 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and/or at least 50 Grams or More of Methamphetamine (actual), a Class A felony. This offense carried a statutory minimum term of 10 years and maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. After receiving a downward departure for substantial assistance, Defendant was subsequently sentenced to 125 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 special assessment. On June 20, 2019, pursuant to a motion filed under 18 U.S.C.

REPORT AND RECOMMENDATION – Page 1

§ 3582(c)(2), the imprisonment sentence was reduced to 101 months. On June 24, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On June 23, 2019, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge, of the Eastern District of Texas. Defendant's original term of supervised release was revoked, and Defendant was sentenced to 10 months imprisonment followed by an additional 50 months of supervised release. On July 31, 2020, Defendant began his current term of supervised release.

On November 13, 2020, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1419, Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) you shall participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program; (2) you must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.; and (3) you must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change [Dkt. 1419 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On October 14, 2020 Defendant was instructed to call a notification line every day as part of the U.S. Probation Office's random drug testing program. Defendant failed to call the random drug testing line from October 15 to November 12, 2020. Defendant failed to submit urinalysis at OnScene- Sherman on October 15 and October 28, 2020, as part of the U.S. Probation Office's random drug testing program. On October 14, 2020, Defendant was instructed to contact Texoma Counseling Associates to schedule his substance abuse evaluation. According to his treatment provider an appointment was scheduled for October 19th which Defendant missed and rescheduled for October 23rd which he missed as well; (2) On October 27, 2020, an unannounced home visit at Defendant's listed residence resulted in no contact with anyone. The home looked dilapidated and unlivable. No signs of anyone recently staying there existed and it appeared abandoned. Defendant failed to notify his probation officer of a change in his address; and (3) Defendant failed to obtain stable employment since the onset of his supervision on July 31, 2020. [Dkt. 1419 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau

of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with a term of supervised release of thirty-six (36) months to follow.

The Court further recommends the reimposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring sources of income; and (2) You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Tucson, Arizona, if appropriate.

**SIGNED this 7th day of April, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE